IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF WEST VIRGINIA

JERRY A. ROTENBERRY, III

    Plaintiff,

v.                                                            Civil Action No. 5:13-cv-22444
                                                             JURY TRIAL DEMANDED

USCOC of CUMBERLAND, LLC
d/b/a U.S. CELLULAR, a Delaware limited liability corporation,
HARDY CELLULAR TELEPHONE COMPANY
d/b/a U.S. CELLULAR, a Delaware corporation, and
UNITED STATES CELLULAR CORPORATION d/b/a
U.S. CELLULAR, a Delaware corporation,

    Defendants.

## COMPLAINT

Plaintiff Jerry A. Rotenberry, III makes and files his Complaint against Defendants USCOC of Cumberland, LLC d/b/a U.S. Cellular and Hardy Cellular Telephone Company d/b/a U.S. Cellular, and United States Cellular Corporation d/b/a U.S. Cellular (collectively "Defendants"), as follows:

## PARTIES

1. Plaintiff is a resident of Mercer County, West Virginia.

2. Defendant USCOC of Cumberland, LLC d/b/a U.S. Cellular is a Delaware limited liability corporation having a principal place of business at 8410 West Bryn Mawr Avenue, Suite 700, Chicago, Illinois, 60631. Defendant owns and operates U.S. Cellular locations in the Southern District of West Virginia, including a location at 121 Beckley Crossing, Beckley, West Virginia.

3. Defendant Hardy Cellular Telephone Company d/b/a U.S. Cellular is a Delaware corporation having a principal place of business at 8410 West Bryn Mawr Avenue, Suite 700,

Chicago, Illinois, 60631. Defendant owns and operates U.S. Cellular locations in the Southern District of West Virginia, including a location at 121 Beckley Crossing, Beckley, West Virginia.

4. Defendant United States Cellular Corporation d/b/a U.S. Cellular is a Delaware corporation having a principal place of business at 8410 West Bryn Mawr Avenue, Suite 700, Chicago, Illinois, 60631. Defendant owns and operates U.S. Cellular locations in the Southern District of West Virginia, including a location at 121 Beckley Crossing, Beckley, West Virginia. Upon information and belief, it is the parent corporation of one or both of the other Defendants in this action.

5. Upon information and belief, Defendants USCOC of Cumberland, LLC, Hardy Cellular Telephone Company, and United States Cellular Corporation *and/or* other affiliated U.S. Cellular companies do business in West Virginia and comprise an integrated enterprise as Plaintiff's employer in that they: (1) share management services; (2) share payroll and insurance programs; (3) share services of managers and personnel; (4) share use of office space, equipment and storage; (5) operate their respective entities as a single unit; (6) have common management, common officers, and common boards of directors; (7) share a centralized source of authority for development of personnel policies; (8) share personnel records and screens and tests for applicants for employment; (9) share a human resource department; (10) have inter-company transfers and promotions of personnel that are common; (11) share the same persons who make the employment decisions for such entities; (12) share common persons who own or control the subject entities; (13) share common officers and directors; and/or (14) have common stock ownership. For example, all Defendants share the same principal place of business at 8410 West Bryn Mawr Avenue, Suite 700, Chicago, Illinois, 60631. Such entities have common directors and officers, interrelation between operations, centralized control of labor relations, and a substantial degree of common ownership and financial control.

6. Alternatively, upon information and belief, Defendants do business in West Virginia and acted as Plaintiff's "joint employer" because each exercised sufficient control over the terms and conditions of Plaintiff's employment.

7. At all times relevant hereto, Defendants were acting through their agents, supervisors, directors, officers, employees and assigns.

## JURISDICTION AND VENUE

8. Plaintiff asserts the claims herein pursuant to the West Virginia Human Rights Act, W.Va. Code §5-11-1 *et. seq.*, the West Virginia Wage Payment Collection Act, and the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.* ("FMLA"). This Court has federal question jurisdiction over his claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise in part under federal law. Alternatively, this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332, because Plaintiff is a citizen of West Virginia and the Defendants are citizens of other States. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Venue is proper.

## FACTS

10. Plaintiff was employed with Defendants as a sales manager from April 8, 2008 until October 12, 2012.

11. Plaintiff suffers from anxiety and depression. His medical condition was well-known to his direct supervisor, Brandy McCune, and these conditions also became known to his new supervisor, April Taylor, after Ms. McCune was promoted to Area Supervisor.

12. Beginning on or about September 26, 2012, Plaintiff took leave from his job under the FMLA due to his medical conditions. His leave was approved as leave for a "serious health condition" within the meaning of the FMLA.

13. On October 11, 2012, Plaintiff returned to work.

14. On October 11, 2012, Defendants engaged in immediate efforts to find a reason to terminate Plaintiff's employment. Plaintiff was interrogated by his supervisors about whether he had completed and emailed "observations" of his subordinates during the first two weeks of September. In response, Plaintiff explained to his supervisors that he had completed and emailed the observations; however, when Plaintiff attempted to locate the observations in his email, he was unable to find them. Plaintiff could not explain why the observations were no longer in his email. Plaintiff did express to his supervisors that he had experienced problems with his email prior to going on medical leave and that possibly this was the reason why the observations were not present in his email.

15. Nevertheless, on October 12, 2012, only one day after he had returned from medical leave, Plaintiff was terminated from employment for his alleged failure to complete and email the observations.

16. Upon information and belief, other employees were not held to such strict, unreasonable standards as were applied to Plaintiff. In fact, Plaintiff had received a favorable performance evaluation earlier in the year. Defendants and their agents targeted Plaintiff because of his medical conditions and the fact that he had taken medical leave.

17. Defendants maliciously and summarily discharged Plaintiff from his employment based upon his disability and/or perceived disability in violation of the West Virginia Human Rights Act and in retaliation for his having taken leave under the FMLA.

18. Defendants failed to pay Plaintiff's final wages within seventy-two hours as required by the West Virginia Wage Payment Collection Act.

**COUNT I:  VIOLATION OF WEST VIRGINIA HUMAN RIGHTS ACT FOR DISABILITY DISCRIMINATION**

19. Plaintiff reincorporates each of the foregoing paragraphs 1-18 as if each were restated herein.

20. At all relevant times herein, Defendants were individually and jointly an "employer" within the meaning of West Virginia Code Section 5-11-3(d).

21. At all relevant times herein, Plaintiff was a person with a "disability" within the meaning of West Virginia Code Section 5-11-3(m). Specifically, Plaintiff:

(1) suffered from physical and mental impairments that substantially limit a major life activity;

(2) has a record of such impairment(s); and/or

(3) was regarded by Defendants as having such impairment (s).

22. Plaintiff was otherwise qualified to perform the essential functions of his job.

23. By and through its unlawful conduct, Defendants discriminated against Plaintiff in violation of the West Virginia Human Rights Act by discharging Plaintiff based upon his

32. As a result of Defendants' willful conduct, Plaintiff is also entitled to recover liquidated damages.

33. Plaintiff is entitled to recover his attorneys fees.

**COUNT III: VIOLATION OF WEST VIRGINIA WAGE PAYMENT COLLECTION ACT, W.VA. CODE § 21-5-1 et seq.**

34. Plaintiff reincorporates each of the foregoing paragraphs 1-33 as if each were restated herein.

35. At all relevant times herein, Defendants were individually and jointly an "employer" within the meaning of West Virginia Code Section 21-5-1(m).

36. Plaintiff was not paid his final wages within seventy-two hours of his separation from employment. By failing to pay Plaintiff all wages due, Defendants have violated the West Virginia Wage Payment Collection Act, West Virginia Code §21-5-4. Accordingly, Defendants are liable to Plaintiff for $2,2120.16 in liquidated damages. Defendants are also liable to pay Plaintiff's attorney fees, interest, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) That he be entitled to a trial by jury;

(b) That he be awarded lost wages and benefits;

(c) That he be awarded unmitigated front pay under the West Virginia Human Rights Act;

(d) That he be awarded damages for emotional distress, humiliation, and embarrassment under the West Virginia Human Rights Act;

(e) That he be awarded punitive damages under the West Virginia Human Rights Act and liquidated damages under the FMLA;

(f) That he be awarded liquidated damages, attorneys fees, interest and costs under the Wage Payment Collection Act;

(g) That he be awarded his reasonable attorneys fees and costs for having to bring this action;

(h) That he be awarded pre-judgment and post-judgment interest thereon; and

(i) That he be awarded such other relief as this Court may deem as just and equitable.

**JERRY A. ROTENBERRY, III**

By Counsel

_____
Maria W. Hughes, Esq. (State Bar No. 7298)
Mark Goldner (State Bar No. 11286)
HUGHES & GOLDNER, PLLC
10 Hale Street, 5th Floor
P.O. Box 11662
Charleston, WV 25339
(304) 400-4816
(304) 205-7729 facsimile
maria@wvemploymentrights.com

*Counsel for Plaintiff*